1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DONTA WILLIAMS,                              No.  2:19-cv-02128 GGH P

12                      Petitioner,

13          v.                                     ORDER

14    SUPERIOR COURT OF CALIFORNIA,

15                      Respondent.

16

17          Petitioner, a state prisoner proceeding in pro se, has filed an application for a writ of

18    habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not, however, filed an in forma

19    pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a).

20    Nevertheless, the undersigned will recommend dismissal of the petition for failure to exhaust

21    state remedies.

22          The exhaustion of state court remedies is a prerequisite to the granting of a petition for

23    writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived

24    explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion, thus, may

25    not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the

26    highest state court with a full and fair opportunity to consider all claims before presenting them to

27    the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d

28    1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

1

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. When asked whether petitioner appealed his conviction, sentence, or commitment to the state trial court, appellate court, or the California Supreme Court, petitioner marked "No" in his petition. ECF No. 1 at 5 ¶¶8, 9. Moreover, in explaining why petitioner did not seek to exhaust his state remedies, petitioner stated "a fictious all caps name was used do the conviction is not valid under the UCC law merchant govern's all the courts" and that "its not with in the scope of juris of the superior court they must follow the UCC guide lines under the law merchant[.]" Id. at 5 ¶¶10, 11. Petitioner's belief that the state court is not the proper court to hear his habeas petition does not entitle him to circumvent 28 U.S.C. § 2254(b)(1)'s requirement that state remedies be exhausted prior to presenting the claims to federal court. It is clear from the petition that the claims have not been presented to the California Supreme Court. Further, there is no allegation that state court remedies (such as might exist for his problematic claims) are no longer available to petitioner. Accordingly, the petition should be dismissed without prejudice.

Good cause appearing, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to randomly assign a district judge to this case; and

2. The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California.

IT IS FURTHER HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written

////

////

////

////

////

objections with the court. The document should be captioned "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 25, 2019

<u>/s/ Gregory G. Hollows</u>
UNITED STATES MAGISTRATE JUDGE